# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### November 14, 2000 Session

## STATE OF TENNESSEE v. STEPHEN T. MAYS, also known as
## STEPHEN T. MAYES

**Direct Appeal from the Criminal Court for Davidson County**
**No. 99-A-147     Cheryl Blackburn, Judge**

---

**No. M2000-00602-CCA-R3-CD - Filed December 28, 2000**

---

The Appellant, Stephen T. Mays, pled guilty to two counts of theft of property over $10,000 and received two concurrent five-year sentences. Following a sentencing hearing, the trial court imposed split confinement sentences and ordered the Appellant to serve a ninety-day period of confinement. The court also ordered restitution with scheduled payments over a ten-year period. On appeal, the Appellant argues (1) that the trial court erred in failing to grant the Appellant's request for total probation; and (2) that the trial court improperly established restitution. After review, the judgment of the Davidson County Criminal Court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed; Remanded to Correct Judgment Forms.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Neal Agee, Jr., Lebanon, Tennessee, for the Appellant, Stephen T. Mays, also known as Stephen T. Mayes.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Marvin E. Clements, Jr., Assistant Attorney General, Victor S. (Torry) Johnson, III, District Attorney General, and Bret Gunn, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The Appellant, Stephen T. Mays,[1] was indicted by a Davidson County Grand Jury on one count of theft of property over $60,000 and on three counts of theft of property between $10,000 and $60,000. On October 28, 1999, the Appellant pled guilty, as a Range I standard offender, to two counts of theft of property between $10,000 and $60,000, class C felonies. Under the terms of the

---

[1]The Appellant was also indicted under the alias, Stephen T. Mayes.

plea agreement, the Appellant was sentenced to five years on each count, with the counts to run concurrently. The issues of the manner of service of the sentences and restitution were submitted to the trial court for its determination. Following a sentencing hearing, the trial court ordered the sentences be suspended after service of ninety days incarceration. Additionally, the Appellant received ten years probation and was ordered to pay $300 per month in restitution during the ten-year period. On appeal, the Appellant raises the following issues for our review: (1) whether the Appellant was entitled to total probation; and (2) whether the trial court properly established restitution. After reviewing the record, we affirm the judgment.

## Background

In November of 1996, Bruce Hardwood Floors in Nashville discovered that $164,000 worth of inventory was missing. An investigation followed which eventually ended without arrests. Approximately one year later, an additional $31,000 of inventory was discovered missing and an investigation was again conducted. Facts developed during the second investigation traced the missing materials to the Appellant. The Appellant confessed to stealing approximately $74,523 worth of property during the two-year span.

During this period, the Appellant was an employee of Yellow Freight, which was a common carrier for Bruce Hardwood Floors. The Appellant's co-defendant, Curtis Foster, was the lead person in the shipping department at Bruce. The Appellant was a truck driver for Yellow Freight. Foster would sell materials to the Appellant, who would then resell the materials to various purchasers, including building contractors, or use them himself. A search of the Appellant's grandmother's house revealed a Yellow Freight trailer which contained approximately $17,973 worth of materials stolen from Bruce Hardwood Floors. The trailer itself had also been missing for three months and contained various other missing items belonging to Yellow Freight. The Appellant testified that he was building his house with some of the stolen materials and using the trailer as a place for storage. When asked by the trial court why he was building a home and outfitting it with stolen property, the Appellant replied, "I didn't know any better."

## I. Sentencing

The Appellant argues that the trial court erred by denying him total probation. The Appellant contends that "the trial court's decision was not made considering the sentencing principles and all of the relevant facts and circumstances."

The Appellant bears the burden of establishing that the sentence imposed by the trial court was erroneous. State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991); State v. Boggs, 932 S.W.2d 467, 473 (Tenn. Crim. App. 1996); State v. Fletcher, 805 S.W.2d 785, 786 (Tenn. Crim. App. 1991). Appellate review of a sentence is *de novo*, with a presumption that the determinations made by the court from which the appeal is taken are correct. TENN. CODE ANN. § 40-35-401(d); Ashby, 823 S.W.2d at 169. In determining whether the Appellant has carried the burden, this court must

consider the evidence received at the trial and the sentencing hearing, the presentence report, the principles of sentencing, the arguments of counsel, the nature and characteristics of the offenses, existing mitigating and enhancing factors, statements made by the offender, and the potential for rehabilitation. Ashby, 823 S.W.2d at 169; TENN. CODE ANN. § 40-35-210.

At the time of his arrest, the Appellant was thirty-two-years-old, a high school graduate, and had no prior criminal convictions. Because the Appellant was convicted of a class C felony, he is entitled to the presumption that he is a favorable candidate for alternative sentencing. *See* TENN. CODE ANN. § 40-35-102(6). Accordingly, the trial court imposed a sentence of split confinement, which is listed as a sentencing alternative in TENN. CODE ANN. § 40-35-104(4). Therefore, the trial court properly applied the statutory presumption under TENN. CODE ANN. § 40-35-102(6).

The Appellant, in effect, argues that the trial court erred by not sentencing him to total probation. "The determination of whether the appellant is entitled to an alternative sentence and whether the appellant is entitled to full probation are different inquires." Boggs, 932 S.W.2d at 477. Where a defendant is entitled to the statutory presumption of alternative sentencing, the State has the burden of overcoming the presumption with evidence to the contrary. State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995). "Conversely, the defendant has the burden of establishing [his] suitability for total probation, even if the appellant is entitled to the statutory presumption of alternative sentencing." Id.; see also Boggs, 932 S.W.2d at 477. To meet the burden of establishing suitability for total probation, the defendant must demonstrate that probation will "subserve the ends of justice and the best interest of both the public and the defendant." Id. at 456.

In the present case, the trial court found that the Appellant was entitled to split confinement and reasoned in part as follows:

> All right, with regard to Mr. Mays, Mr. Mays, you really don't quite appreciate the situation you are in is my opinion. You show very little remorse, and basically have no good excuse for what you did, so this is my decision having weighed all these factors, listened to you, looked at the Pre-Sentence Report, your attitude, is that it would be depreciating the seriousness of this offense, which were extensive and really quite difficult for the business, even though they are pretty large businesses in terms of other employees and all of that, that you are going to serve 90 days, day for day at a hundred percent, and then you are going to be on probation for ten years on each count . . .

Thus, the trial court found that a sentence of split confinement would avoid depreciating the seriousness of the offense and ordered the Appellant serve ninety days of his five-year sentence. *See* TENN. CODE ANN. §§ 40-35-210(b)(4), -103(5), -103(1)(B); *see also* Bingham, 910 S.W.2d at 456.

In the present case, the Appellant used his position with Yellow Freight in order to steal from Bruce Hardwood Floors. The Appellant himself admitted to stealing $74,523 worth of materials from Bruce over a two-year period. He also admitted to stealing items from Yellow Freight and

testified that he used a Yellow Freight trailer as a place to store the materials stolen from Bruce Hardwood Floors. At the sentencing hearing, the trial court remarked that the Appellant had shown no remorse and noted its astonishment at the magnitude of the thefts committed for no apparent reason other than greed. The trial court further noted the seriousness of the offense which involved the disappearance of approximately $200,000 worth of inventory during a two-year span. A review of the record, along with the circumstances of the offense, the protracted period of the thefts, and lack of remorse by the Appellant, convinces us that the Appellant has failed to establish that his sentence was improper. Thus, the trial court did not err in finding that total probation would depreciate the seriousness of the offense. *See* Bingham, 910 S.W.2d at 456 (citing State v. Fletcher, 805 S.W.2d 785, 788-89 (Tenn. Crim. App. 1991)); State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994).

## II.  Restitution

At the conclusion of the sentencing hearing, the trial court ordered the Appellant to pay restitution of $300 per month for the duration of the ten-year term of probation, representing a total payment of $36,000. The judgment forms, however, reflect that the trial court ordered total restitution of $57,550. On appeal, the Appellant argues that the trial court's order regarding restitution is contradictory and "should be altered to require [the Appellant] to pay not more than the total sum of $36,000 at $300 per month."

During sentencing, the trial court determined that the actual amount of restitution the Appellant owed Bruce Hardwood Floors was $56,550 and the actual amount of restitution he owed Yellow Freight was $1000. The $56,550 represented the amount the Appellant admitted to stealing less the value of the property eventually recovered. The trial court, after considering the Appellant's present and future ability to pay, ordered the Appellant to repay $300 per month for ten years, for a total of $36,000. In so doing, the trial court recognized and stated that

> Bruce Hardwood is out a whole lot more money, but I have to be realistic in terms of [the Appellant's] ability to pay ... the statute also says in terms of restitution that I have to consider the ability, the future ability of the defendant to pay and their financial resources, so even though I might find that the inventory amount is the correct amount, I have to then go further and determine whether or not the defendants have the ability to pay, either now or in the future.

The statute governing restitution provides that a sentencing court may direct a defendant to make restitution to the victim of an offense as a condition of probation. TENN. CODE ANN. § 40-35-304(a)(1997). In determining the amount of restitution owed, the trial court must consider the financial resources and future ability of the defendant to pay or perform. TENN. CODE ANN. § 40-35-304(d). Furthermore, "the court may not establish a payment or performance schedule extending beyond the statutory maximum term of probation supervision that could have been imposed for the offense." TENN. CODE ANN. § 40-35-304(c).

We conclude from the record of the sentencing hearing that the intent of the court was to establish restitution at $36,000 due to the Appellant's inability to pay the full $57,550. Therefore, we remand to the trial court for a corrected entry of restitution in the amount of $36,000.

## CONCLUSION

We find that the trial court did not err in denying the Appellant total probation due to the seriousness of the offense and affirm the judgment. Consistent with this opinion, however, we remand for correction of the judgment forms to reflect total restitution owed in the amount of $36,000.

_____

DAVID G. HAYES, JUDGE